## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ARLENE J. COLON-COLON, per se and | * | CIVIL NO. 17-2107 |
| in representation of her minor children YAC-C | * | |
| and YC-C and YODIMARIE COLON-COLON | * | |
| Plaintiffs | * | |
| | * | ABOUT: |
| Vs. | * | TORTS |
| | * | |
| WAPA TV, HEMISPHERE MEDIA GROUP, | * | Puerto Rico Trademark Act |
| INTERMEDIA PARTNERS, | * | Trademark Dilution Revision Act |
| AZTECA ACQUISITION CORPORATION, | * | Copyright Act of the United States |
| TELEVICENTRO OF PUERTO RICO, LLC, | * | |
| ALEJANDRO MERCADO, | * | JURY TRIAL |
| FRANCISCO LOPEZ (HAMBO) | * | |
| DEGENET, REINALDO ORTIZ, JOHN DOE, | * | |
| and their respective insurance companies | * | |
| Defendants | * | |
| ****************************************** | | |

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes plaintiff, through the undersigned attorney, and very respectfully states, alleges and prays:

**I.     JURISDICTION:**

1.     This Honorable Court has jurisdiction under 28 U.S.C. sec 1332 (a) 1, (c) and (d).

2.     The claims for violation of the copyrights damages and for direct and vicarious copyright infringement under the Copyright Act of the United States, 17 U.S.C.

3.     It is a claim under the Commonwealth of Puerto Rico Property and Copyrights Laws under the supplemental jurisdiction principles in the interest of judicial efficiency and economy. Property ownership damages.

4.     Violation to Article 1802 and 1803 of the Civil Code of the Commonwealth of

COMPLAINT
CIVIL NO. 17-2107
Page 2

Puerto Rico is invoked under the supplemental jurisdiction principles in the interest of judicial

efficiency and economy.

5.      This Court has personal jurisdiction over defendants because, among other things,

defendants are doing business in Puerto Rico and in this judicial district, the acts of infringement

complained of herein occurred in Puerto Rico and in this judicial district, and Defendants have

caused injury to Plaintiff and their intellectual property within Puerto Rico and in this judicial

district.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), and/or

§1400(a), this Honorable Court has jurisdiction under 28 U.S.C. sec 1332 (a) 1, (c) and (d).

7.      The award requested exceeds $75,000, exclusive of costs and interests.  Trial by jury

is hereby requested.

## II.    PARTIES:

8.      Plaintiff, Arlene J. Colón-Colón, of legal age, married, citizens of the Puerto Rico

and resident of Villa Universitaria, Calle 22 Q 22, Humacao, Puerto Rico 00791.

9.      Co-plaintiffs, YAC-C and YC-C, are a minor childrens, dependent of the co-plaintiff

Arlene J. Colón-Colón.

10.     Co-plaintiff, Yodimarie Colón-Colón, of legal age, single, citizens of the Puerto

Rico and resident of Villa Universitaria, Calle 22 Q 22, Humacao, Puerto Rico 00791.

11.     Defendant Wapa TV es un canal de televisión de Puerto Rico, con sede en la ciudad

de Guaynabo (Puerto Rico). El canal es propiedad de Hemisphere Media Group, un joint venture

entre InterMedia Partners (73% de las acciones) y Azteca Acquisition Corporation (el 27% restante).

**COMPLAINT**
**CIVIL NO. 17-2107**
**Page 3**

Su Licencia está asignada a Televicentro of Puerto Rico, LLC. WAPA se transmite vía sus

repetidoras, WTIN-TV en Ponce y WNJX-TV en Mayagüez. Es conocido por su número de señal

analógica, el 4 por eso su lema. Es WAPA-TV Televicentro de P.R.  Su dirección física es Avenida

Luis Vigoreaux, Guaynabo, Puerto Rico 00966 y su dirección postal es PO Box 362050, San Juan,

Puerto Rico 00936-2050.

12.     Co-defendant Hemisphere Media Group, Inc. is a Spanish-language media company.

As of December 31, 2016, the Company served the United States Hispanic and Latin American

markets with five Spanish-language cable television networks distributed in the United States, two

Spanish-language cable television networks distributed in Latin America, and a broadcast television

network in Puerto Rico. As of December 31, 2016, the Company owned and operated the Spanish

language networks and content production platform, including movie and telenovela channels, two

Hispanic entertainment genres, and the cable television networks. The Company's United States

Hispanic groups include Cinelatino, WAPA, WAPA America, Pasiones, Centroamerica TV and

Television Dominicana. WAPA is an independent broadcast television network. WAPA is

distributed by various cable, satellite and telecommunication service providers in Puerto Rico.  Co-

defendant Hemisphere Media Group, Inc.'s physical address is 4000 Ponce de Leon Blvd Ste 650,

Coral Gables, FL 33146-1431.

13.     Co-defendant Azteca Acquisition Corporation as of April 4, 2013, Azteca

Acquisition Corporation operates was acquired by WAPA America Inc. and Cine Latino, Inc. in a

reverse merger transaction. Azteca Acquisition Corporation does not have significant operations. It

intends to engage in a merger, capital stock exchange, asset acquisition, stock purchase,

**COMPLAINT**
**CIVIL NO. 17-2107**
**Page 4**

reorganization, or other similar business combination with one or more businesses or assets in the

United States or Mexico. The company was founded in 2011 and is based in Beverly Hills,

California.  Co-defendant Azteca Acquisition Corporation 's physical address is  421 N Beverly

Drive, Suite 300, Beverly Hills, CA 90210.

14.     Co-defendant Alejandro Mercado, executive of Microsoft.

15.     Co-defendant Francisco López "Hambo" is President of the Association of Gamers

of Puerto Rico (PRAG).

16.     Co-defendant Degenet is a software & multimedia studio creating stunning user

experiences.  We are a team of artists, software & game developers dedicated to creating the best

engaging web & mobile solutions.  Co-defendant Degenet's physical address is 9951 Atlantic Blvd

#240, Jacksonville, FL 32225, EE. UU. and postal address is PO Box 350072, Jacksonville, FL

32235.

17.     Co-defendant Reinaldo Ortiz is included.

18.     John Doe and Richard Roe are those other names are unknown to this day, and who

are responsible or contributed in any way to the events that give rise to this complaint. We also

designate as unknown co-defendants the insurance companies and policies of all of the co-defendants

in this complaint.

## III.   FACTS:

19.     Plaintiffs Arlene J. Colón-Colón, was a computer resource teacher, in the Department

of Education of Puerto Rico.  As a mother of 2 small children, she worried that her children would

grow up not knowing well the Puerto Rican culture and it's native music. Plaintiff also that in Puerto

COMPLAINT
CIVIL NO. 17-2107
Page 5

Rico children had poor knowledge and interest in their own culture.

20.     In 2010, Plaintiff Arlene J. Colón-Colón felt concerned and had a sudden idea to prepare a digital storybook that spoke about the Puerto Rican culture. Plaintiff, thought of creating an informative and entertaining storybook that would call to the attention of children if being an informative and entreating at the same time. Plaintiff made the decision of including her sister, co-plaintiff Yodimarie Colón-Colón because she had a very big work project in mind and also for to form a team that would help develop this beautiful project.

21.     Plaintiff came up with character of a Coqui, who she named Diego, who would cover several villages of PR and during his trip he would meet other types of coquí, realizing that he is not the only one in his species. Also during his trip he would fight against his predators until finally reaching El Yunque Rain Forest to reunite with the rest of his family.

22.     Plaintiff began to write her ideas in a notebook. She then thought this could be more than a digital storybook, she thought it could be an interesting application.

23.     In 2012, plaintiff made an approach to a Puerto Rican group of software developers, "Batu Games". Plaintiff presented her idea to them but even though they liked the idea, they said they would call her back and at the end nothing happened.

24.     Plaintiff came upon the television show, "Yo soy un Gamer", which was transmitted by Telemundo on channel 2.2 Plaintiff saw that day for the first time that the Game Show, "Yo soy un Gamer" was beginning an App contest, which they named App Idol. Plaintiff also saw the promotions through the internet and noticed that Batu Games was participating of the television show of co-defendant Hambo (Francisco López).

COMPLAINT
CIVIL NO. 17-2107
Page 6

25.     Plaintiff decided to sign up and become a part of " App Idol ", since it was the first competition of development of mobile applications in PR, which would boost the industry of software and applications in the island. And thus the students, businessmen and persons with creative ideas, could put these ideas in the applications and video games for Windows Phone.

26.     Plaintiff Arlene J. Colón-Colón, began to go to the workshops (hack-a-thons) without being absent from April until June, 2012 and began to develop her proposal for App Idol. Plaintiff stated, defendants (television show competition) loved her idea. Plaintiff was told that they needed a programmer and a team but in spite of her doubts, plaintiff continued.

27.     Plaintiff was offered help by two boys who were in the first meeting of the workshops.  Plaintiffs was still in doubt and wanted to leave the project.  Plaintiff noticed that one of the people who joined the group did not come back and then another person was losing interest little by little. In the end Plaintiff was not able to fully develop the application.

28.     Plaintiff informed to Alejandro Mercado (Microsoft executive) about that situation, nevertheless, Alejandro Mercado told plaintiff to continue because my proposal was a favorite of the competition, and that the idea was extraordinarily good. Plaintiff expressed her concern about her fear of being robbed of the idea and Alejandro said not to worry about that, because she was participating in a competition and could not copy the idea and also the rights of the proposals for App and games are the contestant.  In the end, Plaintiff did not register the project.

29.     The day of the final competition arrived and Plaintiff was among the favorites. Plaintiff  was given space to set up her own booth in which she could expose her proposal to many people who attended the final competition which took place on June 14th, 2012 at the Sheraton

**COMPLAINT**
**CIVIL NO. 17-2107**
**Page 7**
Puerto Rico Hotel and Casino in the Convention District.

30.     Plaintiff was grateful for the opportunity to participate in this competition but on the

other hand Plaintiff was very disappointed because a Certificate of participation was given to us and

the Plaintiff understands that it is not fair people who won were experts in applications, "I do not

find it fair because they said that 'from children to adults could create games and applications", and

the "'Idol App Idol participants did not have to know about programming, because they had

specialists to train those interested in the design skills of applications and video games for Windows

Phone, in the famous 'hack-a-thons".

31.     Defendants, only explained what the contest was about the first day, then the group

had to meet every Friday for about two months and never received a 'programming training' as such.

Only the groups that talked about the progress of the game in a group and after almost three hours

then they said that proposal won that day, nothing more!

32.     Because of all these things Plaintiff was very disappointed. Plaintiff did not want to

give up and leave everything unfinished.  Plaintiff to go all the way, thinking about their promise,

the opportunity to have a professional and economic future within the industry application

development and video games.

33.     After finishing the contest Plaintiff could never get anyone to help her move her idea

forward. After two years, Plaintiff has found out that her idea has been stolen.

34.     Plaintiff came upon an article in the newspaper, "El Nuevo Dia", and the blog of

'Prisma Digital' and both talk about a Puerto Rican application called 'Dale Coquí', and that its

creator is a certain 'Rei Ortiz' of a group 'Degenet'. Plaintiff continued to inquire and was more

**COMPLAINT**
**CIVIL NO. 17-2107**
**Page 8**

surprised to see the video of the application. Plaintiff discovered the great similarity that exists

between that game and her idea.  The Plaintiff found this out exactly 4 months after the famous 'Dale

Coqui' came on the market.

35.    Plaintiff proceeded to visit the page of Dalecoqui.com and was shocked to see that

in their contact page they have the link of interest of the page of "yosoyungamer.com" For the

plaintiff, there is no accident. Plaintiff became very upset and emotional and cried. Plaintiff felt her

heart had broken.

36.    Defendant, Francisco López (Hambo) President of the Association of Gamers of

Puerto Rico (PRAG) was one of the people who evaluated the Plaintiff's proposal on June 1, 2012.

Defendant Francisco López (Hambo) was one of the judges of App Idol. In the defendant's

evaluation, he told plaintiff to disguise the patriotism but those of 'Dale Coquí' say that their game

is '100% Puerto Rican'. So what are we talking about ??  Plaintiff  has evidence of that evaluation

and the details of the game. Plaintiff did explain it its entirety to defendant App Idol team and even

the way it was going to be played and all the information needed to make a game in its entirety.

37.    Plaintiff's team was named the 'Ocean Krew'. There is even a logo with the name of

the group and an icon of the game that was exposed in the promo of the contest. Plaintiff has enough

evidence to prove that I am the real creator of the game that originally was called 'Coqui's Gather

up'(name of the meeting) that was put in English for the idea of  promoting it as an app, not only on

Windows Phone Also on Apple and Android.

38.    In regards to what music is concerned, Plaintiff gave the the contest music that she

wanted to be put into the game.  Plaintiff has the complete list of all the songs of which were all

**COMPLAINT**
**CIVIL NO. 17-2107**
**Page 9**

given a special permission to use.  Plaintiff also found  that the game 'Dale Coqui' used 3 of the songs that Plaintiff suggested to the team Idol App.

39.     For Defendant, Degenet (Dale Coquí) is a 'BORICUA RETREAT AND FUN GAME FOR ENTERTAINING WHILE WAITING IN THE LINE FO THE BANK, WHILE WAITING FOR THE BUS, IN THE BARBER SHOP, AT LUNCH, UNTIL IT IS 5, FINALLY, JUST TO KILL THE TIME '. For the Plaintiff, it means a lot of hard work, hours without sleep and a lot of effort.  Plaintiff, hoped to educate the generation that is rising in her island, and also in this way could give a better future to her children. Too bad people today do not respect the work of others!

40.     This contest was looking for people interested in making app and games for Windows Phone.  Plaintiff is very  hurt and affected, not to be recognized, nor given credit for her work. Plaintiff believes she misinformed and misled by participating in App Idol, after learning this Plaintiff has been dealing with depression , anxiety and above all a lot of anger and impotence. Plaintiff can not allow companies like this one to abuse and take ideas with  initiative. It is a shamed that Plaintiff had the creative idea and for someone else to make profit on her expense, effort and dedication.

Additional data:

Plaintiff used a USB, with the information of her proposal and the day of the final competition it disappeared without any explanation.

Alejandro Mercado, Microsoft executive who loved the idea from the beginning and proposed that Plaintiff follow the contest. And to which Plaintiff comment the fear of being robbed her concept.

**COMPLAINT**
**CIVIL NO. 17-2107**
**Page 10**

Yamille Morales, manager of New Technologies at Microsoft, explained that in the contest there were two categories of participants: university students in Puerto Rico, and micro and small businesses that can be formed between friends.

This contest was sponsored by Microsoft, the Association of Gamers of Puerto Rico (PRAG) and the Department of Economic Development and Commerce. Francisco López (Hambo, 'I am a gamer') President of the Association of Gamers of Puerto Rico (PRAG) was one of the judges who evaluated the proposal.

Degenet, graphic designers and software developers, company of Rei Ortiz, Reinaldo Ortiz, supposed creator of the game Dale Coquí.

41.     Plaintiffs received a call from a friend informing them that on August 29, 2017 their creation was used on a tv program.  It was in Chanel 4, Wapa-TV on the show named Pegate al Mediodia, the name of the game was Dale Coqui.

42.     Plaintiffs were misinformed, lured to enter and to participate in *contest* with false information and threats with the only purpose to obtain his release to his compositions and creations in violation of the copyrights.

43.     The wrongful and negligent acts of defendants and co-defendants who's names are unknown to this day, their managers, supervisors, officials, employees, contractors and representatives are responsible or contributed in any way to the events that give rise to this complaint complaint, were the direct cause or contributed to the facts alleged in the complaint and are jointly responsible for all the damages suffers by the plaintiff.

**IV.     DAMAGES:**

COMPLAINT
CIVIL NO. 17-2107
Page 11

44.     Plaintiff Yodimarie Colón-Colón creation was stolen, she was misinformed, lured to enter and to participate in *contest* with false information.  The claims for violation of the copyrights damages and for direct and vicarious copyright infringement under the Copyright Act of the United States, 17 U.S.C. and to the Commonwealth of Puerto Rico Property and Copyrights, property ownership damages estimated on $2,000,000.00.

45.     Plaintiff Arlene J. Colón-Colón creation was stolen, she was misinformed, lured to enter and to participate in *contest* with false information.  The claims for violation of the copyrights damages and for direct and vicarious copyright infringement under the Copyright Act of the United States, 17 U.S.C. and to the Commonwealth of Puerto Rico Property and Copyrights, property ownership damages estimated on $2,000,000.00.

46.     Co-plaintiffs YAC-C  and YC-C suffered damages for the losses of her mother, her creation was stolen, she was misinformed, lured to enter and to participate in *contest* with false information.  The claims for violation of the copyrights damages and for direct and vicarious copyright infringement under the Copyright Act of the United States, 17 U.S.C. and to the Commonwealth of Puerto Rico Property and Copyrights, property ownership damages estimated on $500,000.00 each.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement in favor of plaintiffs and to award them a sum no less than five million dollars ($5,000,000.00) suffered by plaintiffs because of defendants combined negligence, plus  an additional amount for attorney fees and court costs, all to be paid jointly by defendants.

**JURY TRIAL DEMANDED.**

**COMPLAINT**
**CIVIL NO. 17-2107**
**Page 12**

    **RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico, this 18th day of August of 2017.

                    **RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
                    Juan R. Rodríguez
                    PO Box 7693
                    Ponce, Puerto Rico 00732-7693
                    Tel. (787) 843-2828 \ 843-2900 Fax 284-1267
                    Email: **juan_r_rodriguez00732@hotmail.com**
                                      **juan.r.rodriguez56.mil@mail.mil**

                  By:____*S/Juan R. Rodríguez*_____
                    **JUAN R. RODRIGUEZ**
                    **USDC-PR 214410**